IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUBY MURRAY** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
|                v. | )   **Civil No. 21-1531** |
| | ) |
| **PENN HILLS POLICE, et al..** | ) |
| | ) |
|     **Defendant.** | ) |

### MEMORANDUM OPINION and ORDER

Ruby Murray commenced this proceeding by filing a motion to proceed in forma pauperis attaching a Complaint purporting to raise a civil rights claim alleging a violation of "consumer credit protection laws" against the Penn Hills Police, the City of Pittsburgh, and the State of PA. ECF No. 4, at 3. Instead of alleging facts in support of a cognizable claim, Ms. Murray refers to "affidavits" attached to her Complaint. ECF No. 4. Exhibit 1 is a Penn Hills Police Department Criminal Complaint charging Ms. Murray with simple assault and harassment occurring on October 24, 2021. ECF No. 4-1. Exhibit 2 is an irrelevant and nearly unintelligible Affidavit unconnected to any cognizable claim in this Court. ECF No. 4-2. Moreover, Exhibit 2 is signed by London Murray, not the Plaintiff in this case, Ruby Murray. Id. Exhibit 3 is a "UCC Approval Sheet" indicating a fee of $198.00, a date of June 28, 2011, a stamp indicating the "Md. State Department of Assessments and Taxation," and a stamp indicating the "U.S.A. Department of Defense" with an address in San Jose, California. ECF No. 4-3. Exhibit 4 is an unknown form that also refers to the "U.S.A. Department of Defense," an address in San Jose, California, and a date of July 28, 2011. ECF No. 4-4. Finally, Exhibit 5 is an unknown and undated form with references to the "Federal Reserve System," the "U.S. Department of Defense – Finance and Accounting," and "North American Water and Power Alliance." ECF No. 5-5.

The Court has granted Ms. Murray's application for in forma pauperis status despite the fact that her affidavit was signed by London Murray and not Ruby Murray.  The present case was also erroneously designated as related to Civil Action No. 21-1113, an action asserted against defendant Capital One, N.A. alleging fraud, violation of the Truth in Lending Act, violation of the Fair Credit Reporting Act, and violation of the Fair Debt Collection Practices Act.  Upon review of both actions, it is clear that these cases are not related.  The Clerk of Court will be directed to remove the related designation as to Civil Action Nos. 21-1531 and Civil Action No 21-1113.

As to the Complaint filed in the present case, it does not comply with Rule 8's directive that a complaint contains "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1)and (2).  The Complaint does not set forth any coherent claim or legally valid claim for relief.  The Complaint and the five attached Exhibits contain no coherent factual narrative or statement of a valid claim.  The Complaint is devoid of any sound factual or legal basis to infer or assume that an actionable wrong has been committed against Ms. Murray by any of the named Defendants.  As such, the Complaint is properly dismissed for failing to comply with Rule 8.  Roy v. Supreme Court of United States of America., 484 F.App'x 700, 700 (3d Cir.2012) (agreeing with District Court that the complaint was incomprehensible and failed to comply with Rule 8).  Dismissal of the Complaint is also warranted as it is beyond debate that the Complaint contains "indisputably meritless legal theor[ies]" and "factual contentions which clearly are baseless." Neitzke v. Williams, 490 U.S. 319 (1989).

Given the incomprehensibility of the Complaint, the lack of a meritorious claim, and the assertion of baseless or non-existent factual claims, dismissal without leave to amend is

warranted.  Roy, 484 F.App'x at 700 (agreeing with District Court that leave to amend was not required given the incomprehensible complaint).  The Court concludes that permitting leave to amend would be futile.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (leave to amend need not be permitted when amendment would be futile).  The Complaint will be dismissed with no leave to amend.  Accordingly, the following Order is hereby entered.

AND NOW, this 4th day of November 2021, it is ORDERED that Plaintiff's Complaint is DISMISSED for failure to state a claim.

IT IS FURTHER ORDERED that the Clerk of Court is hereby ORDERED to remove the designation indicating that the present action, Civil Action Nos. 21-1531, is related to Civil Action No. 21-1113.

The Clerk of Court shall mark the case closed.

_____
Marilyn J. Horan
United States District Court Judge

cc:   RUBY MURRAY, pro se
      1311 LaBelle Street
      Pittsburgh, PA 15221